UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARLIN MONROE, | ) | 1:06-cv-00490-OWW-SMS |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | APPLICATION TO PROCEED IN FORMA |
| | ) | PAUPERIS (DOC. 5) |
| v. | ) | |
| | ) | ORDER DISMISSING PLAINTIFF'S |
| CALIFORNIA HIGHWAY PATROL, | ) | COMPLAINT WITH LEAVE TO FILE AN |
| at al., | ) | AMENDED COMPLAINT NO LATER THAN |
| | ) | THIRTY DAYS AFTER THE DATE OF |
| Defendants. | ) | SERVICE OF THIS ORDER (DOC. 1) |
| | ) | |
| _____ | ) | |

Plaintiff is a state prisoner[1] who is proceeding pro se with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

I. <u>Application to Proceed in Forma Pauperis</u>

Plaintiff has submitted a declaration and attachments that make the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28

---

[1] Plaintiff states that he expects to be released from prison on June 16, 2006. It appears from an exhibit to the complaint that Plaintiff is currently incarcerated because of a separate matter involving a violation of parole.

1

U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $350.00 for this action.[2] No initial partial filing fee will be assessed by this Court. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, Plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to Plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Screening the Complaint

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Court determines that an allegation of poverty is untrue or that the action is 1) frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738,

---

[2] The filing fee for civil actions is $350.00. 28 U.S.C. § 1914, as amended effective April 8, 2006. Pub. L. 109-171, 120 Stat. 4, February 8, 2006.

1  7403(1976), construe the pro se pleadings liberally in the light
2  most favorable to the Plaintiff, <u>Resnick v. Hayes</u>, 213 F.3d 443,
3  447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's
4  favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

5      If the Court determines that the complaint fails to state a
6  claim, leave to amend should be granted to the extent that the
7  deficiencies of the complaint can be cured by amendment. <u>Lopez v.</u>
8  <u>Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A
9  complaint, or a portion thereof, should only be dismissed for
10 failure to state a claim upon which relief may be granted if it
11 appears beyond doubt that the Plaintiff can prove no set of
12 facts, consistent with the allegations, in support of the claim
13 or claims that would entitle him to relief. See <u>Hishon v. King &</u>
14 <u>Spalding</u>, 467 U.S. 69, 73 (1984), citing <u>Conley v. Gibson</u>, 355
15 U.S. 41, 45-46 (1957); see also <u>Palmer v. Roosevelt Lake Log</u>
16 <u>Owners' Ass'n., Inc.</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).
17 Dismissal of a pro se complaint for failure to state a claim is
18 proper only where it is obvious that the Plaintiff cannot prevail
19 on the facts that he has alleged and that an opportunity to amend
20 would be futile. <u>Lopez v. Smith</u>, 203 F.3d at 1128.

21     A claim is frivolous if it lacks an arguable basis either in
22 law or fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989). A
23 frivolous claim is based on an inarguable legal conclusion or a
24 fanciful factual allegation. <u>Id.</u> A federal court may dismiss a
25 claim as frivolous if it is based on an indisputably meritless
26 legal theory or if the factual contentions are clearly baseless.
27 <u>Id.</u>

28     The test for malice is a subjective one that requires the

1  Court to determine whether the applicant is proceeding in good
2  faith. <u>Kinney v. Plymouth Rock Squab. Co.</u>, 236 U.S. 43, 46
3  (1915); <u>see</u> <u>Wright v. Newsome</u>, 795 F.2d 964, 968 n. 1 (11th Cir.
4  1986). A lack of good faith is most commonly found in repetitive
5  suits filed by plaintiffs who have used the advantage of cost-
6  free filing to file a multiplicity of suits. A complaint may be
7  inferred to be malicious if it suggests an intent to vex the
8  defendants or abuse the judicial process by relitigating claims
9  decided in prior cases, <u>Crisafi v. Holland</u>, 655 F.2d 1305, 1309
10 (D.C.Cir. 1981); if it threatens violence or contains
11 disrespectful references to the Court, <u>id.</u>; or if it contains
12 untrue material allegations of fact or false statements made with
13 knowledge and an intent to deceive the Court, <u>Horsey v. Asher</u>,
14 741 F.2d 209, 212 (8th Cir. 1984).

15      Plaintiff's complaint was filed on April 24, 2006. Plaintiff
16 alleges that after he suffered a collision with a car while he
17 was riding his motorcycle on July 29, 2005, Plaintiff was
18 thereafter cited and released for reckless driving and driving
19 without insurance. Plaintiff states that the defendants are the
20 California Highway Patrol, Modesto paramedics, ambulance driver,
21 driver of the car which hit Plaintiff, the driver's insurance
22 company, the hospital to which Plaintiff was transported, and
23 Plaintiff's insurance company, although no parties are actually
24 identified by name except for the California Highway Patrol. No
25 conduct on the part of any defendant is detailed; Plaintiff
26 states that everyone involved after the wreck was worse than the
27 wreck itself. The relief that Plaintiff seeks is for this Court
28 to file the civil claim (it is unclear whether Plaintiff is

4

referring to a civil lawsuit for recovery of damages or other relief for the injuries he sustained in the accident, or a claim against a governmental entity that is a prerequisite to instituting a civil suit). There are no facts alleged that would support an inference that Plaintiff is unable to submit for filing either a claim or a lawsuit. Although Plaintiff refers to a criminal proceeding related to the accident, it does not appear that Plaintiff is seeking any relief with respect to that proceeding, which apparently has not resulted in a conviction.

Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id.

Here, Plaintiff has not stated any facts indicating that this Court has jurisdiction. Plaintiff describes injuries for which state tort law might provide compensation; however,

5

Plaintiff states no facts that would place jurisdiction in a federal court over what appears to be an essentially state law claim.

Federal courts are courts of limited jurisdiction; this Court has a duty to determine its own subject matter jurisdiction, and lack of subject matter jurisdiction can be raised on the Court's own motion at any time. Fed. R. Civ. P. 12(h)(3); CSIBI v. Fustos, 670 F.2d 134, 136 n. 3 (9th Cir. 1982) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511-512 (1973)). A federal court is under a continuing duty to dismiss an action where it appears that the court lacks jurisdiction. Billingsley v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989). Here, there are no facts stated that would place jurisdiction in this Court.

Further, Plaintiff has not stated sufficient facts to give any defendant notice of the basis for Plaintiff's claim for relief against a defendant. Although Plaintiff's complaint is written on a civil rights complaint form, it does not state a claim under 42 U.S.C. § 1983.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]... subjects, or causes to be subjected, any citizen of the United States... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a claim pursuant to § 1983, a plaintiff must plead that defendants acted under color of state law at the time the act complained of was committed and that the defendants deprived the plaintiff of rights, privileges, or

6

1 immunities secured by the Constitution or laws of the United
2 States. <u>Gibson v. United States</u>, 781 F.2d 1334, 1338 (9th Cir.
3 1986). The statute plainly requires that there be an actual
4 connection or link between the actions of the defendants and the
5 deprivation alleged to have been suffered by plaintiff.  <u>See</u>
6 <u>Monell v. Department of Social Services</u>, 436 U.S. 658, (1978);
7 <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). The Ninth Circuit has held
8 that "[a] person 'subjects' another to the deprivation of a
9 constitutional right, within the meaning of section 1983, if he
10 does an affirmative act, participates in another's affirmative
11 acts or omits to perform an act which he is legally required to
12 do that causes the deprivation of which complaint is made."
13 <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

14       Here, there are no facts indicating that any defendant
15 engaged in conduct that resulted in any deprivation of
16 Plaintiff's rights, acted under color of state law, or deprived
17 Plaintiff of any rights secured by federal law. Plaintiff has not
18 stated any facts indicating any entitlement to relief from this
19 Court.

20      Because Plaintiff has not stated a claim upon which relief
21 may be granted, the complaint must be dismissed. However, it is
22 possible that Plaintiff can allege a set of facts, consistent
23 with the allegations, in support of the claim or claims that
24 would entitle him to relief. Thus, the Court will grant Plaintiff
25 an opportunity to amend the complaint to cure the deficiencies of
26 this complaint. Failure to cure the deficiencies will result in
27 dismissal of this action without leave to amend.

28       A complaint must contain a short and plain statement as

required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id.

In addition, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

    1. Plaintiff's application to proceed in forma pauperis IS GRANTED; Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action; Plaintiff is not assessed an initial partial filing fee; all fees shall be collected and paid in accordance with this Court's order to the Director of the California Department of Corrections filed concurrently herewith; and

    2. Plaintiff's complaint IS DISMISSED; and

    3. Plaintiff IS GRANTED thirty days from the date of

service of this order to file a first amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; failure to file an amended complaint in accordance with this order will be considered to be a failure to comply with an order of the Court pursuant to Local Rule 11-110 and will result in dismissal of this action.

IT IS SO ORDERED.

**Dated:   June 7, 2006**                    **/s/ Sandra M. Snyder**
icido3                                         UNITED STATES MAGISTRATE JUDGE