UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLIN MONROE, | ) 1:06-cv-00490-OWW-SMS |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION RE: ) DISMISSAL WITH PREJUDICE OF THE |
| v. | ) ACTION FOR PLAINTIFF'S FAILURE TO ) COMPLY WITH AN ORDER OF THE COURT |
| CALIFORNIA HIGHWAY PATROL, at al., | ) TO FILE AN AMENDED COMPLAINT AND ) FAILURE TO STATE A CLAIM UPON ) WHICH RELIEF MAY BE GRANTED (DOC. ) 6) |
| Defendants. | ) |

Plaintiff is or was a state prisoner[1] who is proceeding pro se and in forma pauperis with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

Plaintiff filed his complaint on April 24, 2006. On June 8, 2006, the Court found that Plaintiff had failed to state a claim upon which relief could be granted, ordered the complaint

---

[1] Plaintiff stated in his complaint that he expected to be released from prison on June 16, 2006. It does not appear that any notice of change of address has been filed by Plaintiff. Pursuant to Local Rule 83-182(f), absent a notice of change of address, service of documents at the prior address of a party or an attorney shall be fully effective.

1

dismissed with leave to amend, and directed Plaintiff to file an amended complaint no later than thirty days after the date of service of the order. The order was served by mail on June 8, 2006. To date, more than thirty days have passed, but Plaintiff has not filed the amended complaint or timely sought an extension of time in which to file the amended complaint.

Local Rule 11-110 provides that "...failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions...within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate...dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

1  In determining whether to dismiss an action for lack of
2 prosecution, failure to obey a court order, or failure to comply
3 with local rules, the court must consider several factors: (1)
4 the public's interest in expeditious resolution of litigation;
5 (2) the court's need to manage its docket; (3) the risk of
6 prejudice to the defendants; (4) the public policy favoring
7 disposition of cases on their merits; and (5) the availability of
8 less drastic alternatives. Thompson, 782 F.2d at 831; Henderson,
9 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at
10 1260-61; Ghazali, 46 F.3d at 53.
11  In this case, the Court finds that the public's interest in
12 expeditiously resolving this litigation and the Court's interest
13 in managing the docket weigh in favor of dismissal, as the case
14 has been pending since April 2006. The third factor, risk of
15 prejudice to defendants, also weighs in favor of dismissal, since
16 a presumption of injury arises from the occurrence of
17 unreasonable delay in prosecuting an action. Anderson v. Air
18 West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor --
19 public policy favoring disposition of cases on their merits -- is
20 greatly outweighed by the factors in favor of dismissal discussed
21 herein. Finally, a court's warning to a party that his failure to
22 obey the court's order will result in dismissal satisfies the
23 "consideration of alternatives" requirement. Ferdik v. Bonzelet,
24 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at
25 1424. The Court's order requiring Plaintiff to file an amended
26 complaint expressly warned Plaintiff that a failure to file an
27 amended complaint in accordance with this order would be
28 considered to be a failure to comply with an order of the Court

3

pursuant to Local Rule 11-110 and would result in dismissal of this action. Thus, Plaintiff received adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED, without prejudice, pursuant to Local Rule 11-110 for Plaintiff's failure to comply with the Court's order, and, for the reasons stated in the Court's order of June 8, 2006, for failure to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 7, 2006**              **/s/ Sandra M. Snyder**
icido3                                   UNITED STATES MAGISTRATE JUDGE

4